## HANLY vs. ADAMS.

A judgment of the Circuit Court will be reversed, where the record shows that the judge presiding was disqualified to sit.

In a scire facias to revive a judgment, it is error to render a new judgment for the debt or damages; also to adjudge that it be revived from the date of the issuance of the writ, where the lien has expired before the sueing out of the *sci. fa.*

Under our practice, the scire facias is in the nature of a writ of summons, and may be served as such.

### *Error to Phillips Circuit Court.*

Hon. CHARLES W. ADAMS, Circuit Judge.

ENGLISH, for the plaintiff. Should not a *sci. fa.* be served by copy? (*Sec.* 9, *ch.* 93, *Dig.*) See form of return in *Evans' Harris.*

The judgment should have been for the revival of the original judgment; and that plaintiff have execution thereof; and not in the form of a new judgment, as in debt on a judgment. *Evans' Harris, Entries,* 2d *vol., p.* 361; 3 *book Black. Com.* 421.

The judgment is for an excessive amount.

It gives a lien from the date of the writ, when it should have been from the rendition of the judgment. *Dig., ch.* 93, *sec.* 13.

The plaintiff in the suit, being judge of the Court, was incompetent to render the judgment, (CONST., *Art. VI, sec.* 12,) as there was no waiver by the defendant.

Mr. Justice SCOTT delivered the opinion of the Court.

This was a proceeding to revive the lien of a judgment, on a writ of *sci. fa.*, issued from the Phillips Circuit Court the 3d of October, 1851.

The judgment itself was recovered the 16th of April, 1843, and was for $819 92, damages and for costs. At the fall term, 1851, and at the spring term, 1852, the cause was continued, because, as is stated upon the record, the presiding judge, being a party, was disqualified to sit; at the succeeding November term, however, although the record shows the same disqualification, by some oversight, doubtless, there was a judgment of revivor taken by default. This was, that the judgment specified in the writ, and the lien thereby created be revived, and that the lien be continued from the 3d day of October, 1851, (which was the date of the issuance of the writ,) for the period of three years next thereafter, and then followed, that " said plaintiff do have

30BB

and recover of and from said defendant the sum of eighteen hundred and nineteen dollars and ninety-two cents for his damages, and eight dollars and twenty cents for his costs, &c., &c., and that execution issue," &c.

Besides the fatal objection that this judgment was taken when a judge was on the bench who was disqualified to sit, it is erroneous, because the lien was adjudged to be revived from the date of the issuance of the writ, instead of from the date of the judgment of revivor, as is expressly provided by the statute for cases where the lien has expired before the suing out of the *scire facias,* (*Dig.,* ch. 93, *p.* 624, *sec.* 13, *latter clause,*) and because a new judgment was rendered for the debt, which is not the object of a proceeding by *sci. facias* to revive a judgment or its lien, but to obtain execution of the judgment already obtained, (*Greer vs. The State Bank,* 5 *Eng. R.,* *p.* 457,) and to continue, when it has not expired, or reinvest, when it has, the lien created by statute. Besides, this new judgment for the debt, had it been regular, is for an excessive amount. No lawful computation of interest could swell the debt so greatly in such a period of time. Under our practice, the *sci. facias* is in the nature of a writ of summons, (*Alexander et al. vs. Steele, use,* &c., 13 *Ark. R.* 392,) and when no mode is specially pointed out for its service, it may well be served as other writs of summons.

The judgment must be reversed, and the cause remanded.